ASA W. MILLER *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

December 23, 1886.

Railway—Cattle-guards—Evidence of Condition the Day after the Injury.—Evidence that, on a certain day, the timbers of a cattle-guard were so rotten that the "cross-bars" had become loose and out of place, and that the "pit" had become partially filled up with sand, is admissible to prove that it was in the same defective condition on the day previous.

*Held,* that the evidence reasonably tended to support the verdict.

Appeal by defendant from an order of the district court for Crow Wing county, *Stearns,* J., presiding, refusing a new trial.

*John C. Bullitt* and *G. S. Fernald,* for appellant.

*Leon E. Lum,* for respondent.

MITCHELL, J.　Action to recover for two horses killed through the alleged negligence of defendant.　The negligence complained of is that defendant permitted a cattle-guard to become and remain out of repair, by reason whereof the horses got upon defendant's railway, and were killed by its cars.　Plaintiff had a verdict.　Defendant moved for a new trial, upon the grounds (1) that the verdict was not justified by the evidence; (2) errors in law occurring at the trial. From an order denying this motion defendant appeals.

An examination of the record satisfies us that there was evidence reasonably tending to prove that these horses got upon the railway by reason of a defective cattle-guard, and were there killed (one was so injured that it was necessary to kill it) by a passing train; that the defects in the cattle-guard were that the timbers had become so rotten and decayed that the "cross-bars" had become loose and out of place, and that the "pit" had become partially filled up with sand. The nature of these defects was such as to indicate that they had existed for some considerable length of time, and therefore to warrant the jury in finding that the defendant was chargeable with notice of their existence.　The evidence, therefore, reasonably tended to support the verdict, and, the trial court having refused to grant a new trial, we cannot interfere.

The only error of law occurring during the trial which is complained of was the admission of evidence of the condition of the cattle-guard on the morning of May 21st, for the purpose of showing its condition on the 20th of May, the day the horses were killed, and presumably the day they got upon the railway. In view of the nature of the defects, the evidence was clearly admissible. The rotting of the timbers, and the filling up of the pit with sand, were the result of a considerable lapse of time, and not of some sudden and recent occurrence. The condition of the culvert in these respects presumably could not have perceptibly changed in one day. The contention of defendant that evidence of the condition of a thing at one time is inadmissible to show its condition at any prior time is by no means universally true. That depends on circumstances.

Order affirmed.